UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL CIMINO  Plaintiff  vs.  MARAUDER CORPORATION d/b/a COLLECTION PROFESSIONAL SERVICES a/k/a CPS  Defendant | Case Number  CIVIL COMPLAINT  JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Paul Cimino, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Paul Cimino, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.  Venue in this District is proper in that the Defendant transacts business in the State of New Jersey and Plaintiff resides in this District.

### III. PARTIES

4.  Plaintiff, Paul Cimino, is an adult natural person residing at 42 Longbow Drive, Sewell, NJ 08080.

5.  Defendant, Marauder Corporation d/b/a Collection Professional Services a/k/a CPS ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New Jersey with its principal place of business located at 74-923 Highway 111, Indian Wells, CA 92210, a secondary location of 36101 Bob Hope Drive, Suite E5, Department 302, Rancho Mirage, CA 92270 and a registered office located at 2804 Gateway Oaks Drive, Suite 200, Sacramento, CA 95833.

6.  Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7.  On or around November 20, 2008, Plaintiff began to receive a series of harassing and abusive telephone communications from Defendant, by and through its agents, Heather Williams and Theresa Brown. These illegal communications were in regards to an alleged Money & More, Inc. payday loan debt.

8. Defendant's agents repeatedly stated they were calling from CPS but failed to indicate that they were debt collectors as is required by law.

9. Additionally, Defendant's agents left numerous messages using phrases such as "Urgent matter" and "Return the call immediately".

10. After receiving one of these messages on January 9, 2009, Plaintiff contacted Defendant's agent, Heather Williams. Ms. Williams stated she was with "CPS, Department of Investigations for Check Fraud". Additionally, Ms. Williams stated that Money & More, Inc. had forwarded the case to Defendant to have a judgment placed against Plaintiff.

11. Defendant's agent stated that Plaintiff "would have to come up with some way to make payments or it would be forwarded to their Legal Department".

12. Plaintiff explained that he was on disability and did not have a lot of money to work with.

13. Defendant's agent further stated that if Defendant got a judgment against Plaintiff, they would "just go ahead and take it from his disability before he even received it". Defendant's agent stated it was "kind of like a garnishment" and "they would take 25%" of Plaintiff's disability check until the debt was paid off.

14. Defendant's agent ended the call by stating it was better for Plaintiff to start making payments than to "have them do this judgment and take it out of the only income that you have because they will take it from there".

15. Defendant has not sued nor does it intend to sue Plaintiff in regard to the alleged debt.

16. Defendant has never sent Plaintiff the required 30 day validation notice. Despite this fact, Defendant, by and through its agents, continues to harass Plaintiff to the present.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

18. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT 1 – FDCPA

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), d, d(5), d(6), e, e(2), e(4), e(5), e(7), e(10), e(11), e(14), f, f(6) and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Marauder Corporation d/b/a Collection Professional Services a/k/a CPS for the following:

    a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

    b. Actual damages;

    c. Statutory damages pursuant to 15 U.S.C. § 1692k;

    d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                                **Respectfully submitted,**

                                                                **WARREN & VULLINGS, LLP**

Date: February 6, 2009          BY:   */s/ Bruce K. Warren*
                                                               Bruce K. Warren, Esquire
                                                               Warren & Vullings, LLP
                                                               1603 Rhawn Street
                                                               Philadelphia, PA  19111
                                                               215-745-9800   Fax 215-745-7880
                                                               Attorney for Plaintiff